# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|   |   |
|---|---|
| Corrine B., <br>     Plaintiff, <br><br> v. <br><br> Frank Bisignano, Commissioner of <br>     Social Security Administration, <br>     Defendant. | C.A. No. 1:25-cv-00291-AEM |

## MEMORANDUM AND ORDER

AMY E. MOSES, United States Magistrate Judge.

    Plaintiff Corrine is a 30-year-old high school graduate who suffers from severe impairments of major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder. ECF No. 7 at 23, 49. The Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") denied Corrine's claims for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). ECF No. 7 at 21-32.

    With the consent of the parties, this case has been referred to me for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. Based upon my review of the record, the parties' submissions, and independent research, I find that there is substantial evidence in the record to support the Commissioner's decision and findings that Corrine is not disabled within the meaning of the Act.

## I.    PROCEDURAL HISTORY

Corrine filed applications for SSDI and SSI on May 3, 2023. ECF No. 7 at 21. Her claims were denied on June 29, 2023 (*id.* at 93-110) and on reconsideration on September 12, 2023 (*id.* at 115-30). Corrine requested an Administrative Hearing that was held on February 13, 2024 before the Administrative Law Judge, Paul Goodale (the "ALJ"). *Id.* at 43-92. At the hearing, Corrine was represented by counsel and testified on her own behalf; Vocational Expert ("VE") Jennifer Anken testified as well. *Id.* The ALJ issued a decision unfavorable to Corrine on May 1, 2024 (*id.* at 18-32) and the Appeals Council denied Corrine's request for review on April 14, 2025 (*id.* at 5-7). Corrine timely appealed by filing her Complaint on June 18, 2025, seeking to reverse the decision of the Commissioner. ECF No. 1. On September 11, 2025, Corrine filed Plaintiff's Motion to Reverse the Decision of the Commissioner. ECF No. 9. On September 19, 2025, the Commissioner filed Defendant's Motion to Affirm the Commissioner's Decision (ECF No. 11) and on October 3, 2025, Corrine filed Plaintiff's Reply in Support of Motion to Reverse or Remand (ECF No. 12).

## II.    STANDARD OF REVIEW

The Commissioner's findings as to any fact "shall be" conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence "means—and means only— 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The determination of substantiality is based upon an evaluation of the record as a whole. *Frustaglia v. Sec'y Health & Hum. Servs.*, 829 F.2d 192, 195 (1st Cir. 1987) (per curiam); *Brown v. Apfel*, 71 F. Supp. 2d 28, 30 (D.R.I. 1999), *aff'd*, 230 F.3d 1347 (1st Cir. 2000) (per curiam). The Court's role in reviewing the Commissioner's decision is limited. *Brown*, 71 F. Supp. 2d at

30. The Court does not reinterpret or reweigh the evidence or otherwise substitute its own judgment for that of the Commissioner. *Thomas P. v. Kijakazi*, C.A. No. 21-00020-WES, 2022 WL 92651, at *8 (D.R.I. Jan. 10, 2022), *report and recommendation adopted by text order*, (D.R.I. Mar. 31, 2022). Where the Commissioner's decision is supported by substantial evidence, the Court must affirm. *Tegan S. v. Saul*, 546 F. Supp. 3d 162, 168 (D.R.I. 2021); *Rodriguez Pagan v. Sec'y Health & Hum. Servs.*, 819 F.2d 1, 3 (1st Cir. 1987) (per curiam).

### III.  ALJ DECISION

The ALJ follows a five-step process in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at Steps One through Four, and the Commissioner bears the burden at Step Five. *Wells v. Barnhart*, 267 F. Supp. 2d 138, 144 (D. Mass. 2003).

Here, at Step One, the ALJ determined that Corrine had not engaged in substantial gainful activity since the alleged onset date of May 30, 2021. ECF No. 7 at 23. At Step Two, the ALJ found that Corrine's major depressive disorder, generalized anxiety disorder, and posttraumatic stress disorder were severe impairments. *Id.* At Step Three, the ALJ first found that Corrine did not have an impairment or combination of impairments that met or medically equaled a Listing. *Id.* at 26. The ALJ determined that Corrine had the Residual Functional Capacity ("RFC")[1] to perform a full range of work at all exertional levels. *Id.* at 28. The RFC contained the following non-exertional limitations: Corrine can frequently stoop, crouch, crawl, or kneel; frequently climb ramps or stairs; cannot climb ladders, ropes, or scaffolds; can perform simple, routine, repetitive work tasks involving only simple work-related decisions; can tolerate occasional changes in work

---

[1] RFC is "the most you can still do despite your limitations," considering "[y]our impairment(s), and any related symptoms, such as pain, [that] may cause physical and mental limitations that affect what you can do in a work setting." 20 C.F.R. § 404.1545(a)(1).

setting; cannot do production rate or pace work or assembly-line work in close tandem with coworkers at a pace that is outwardly set; and can do individual table or bench work. *Id.* In addition, the RFC stated that Corrine can have occasional contact with the general public and frequent but superficial contact—*i.e.*, brief, perfunctory, routine interactions—with coworkers. *Id.*

At Step Four, the ALJ found that Corrine was unable to perform any past relevant work. *Id.* at 33-34. Finally, at Step Five, the ALJ relied on the VE and considered Corrine's age, education, work experience, and RFC in concluding that there are jobs that exist in significant numbers in the national economy that Corrine could perform. *Id.* at 34. The ALJ therefore concluded that Corrine is not disabled within the meaning of the Act. *Id.* at 35.

IV.   **ANALYSIS**

On appeal to this Court, Corrine claims the ALJ erred as a matter of law by "failing to build a sufficient logic bridge" to the social limitations in the RFC—specifically, the lack of any limitations related to interacting with supervisors. ECF No. 9 at 2, 7. She also argues that the ALJ erred as a matter of law by formulating an RFC that did not consider her ability to complete a normal workday and workweek.[2] *Id.* at 2. The Commissioner moves to affirm the ALJ's decision, arguing that the ALJ was not required to further explain why the RFC assessment did not limit Plaintiff's ability to interact with supervisors, and that an ALJ can sufficiently account for a claimant's ability to work a normal workday and workweek by relying on the state agency consultants' findings. ECF No. 11 at 1-2. The Government notes that both of Corrine's arguments are "boilerplate" and have been "squarely rejected" by this Court. *Id.* at 1.

---

[2] Corrine lays out two additional arguments in her "Statement of the Issues" but does not address them anywhere else in the Motion. ECF No. 9 at 2.

4

### A. Social Limitations

Corrine argues that the case should be remanded because the ALJ did not account for any limitations in her ability to interact with supervisors, in contrast to the RFC's limitations to "occasional" interactions with the general public and "frequent but superficial" contact with coworkers. ECF No. 9 at 7. This argument is based on the fact that in analyzing the Paragraph B criteria under Step Three, the ALJ found that the Corrine had a "moderate" limitation in interacting with others. *Id.*; *see* ECF No. 7 at 26-27. However, "the paragraph B limitations 'are not an RFC assessment but are used only to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process.' The moderate limitations the ALJ found simply do not translate into any specific RFC restriction or require a finding of disability." *Thomas L. v. O'Malley*, C.A. No. 24-00195-WES, 2024 WL 4948805, at *7 (D.R.I. Dec. 3, 2024) (quoting 61 Fed. Reg. 34474) (cleaned up), *report and recommendation adopted by text order*, (D.R.I. Jan. 27, 2025).

Corrine's argument also ignores the findings of state agency psychological consultants' Drs. Susan Killenberg, M.D. and Albert Hamel, Ph.D., who found that she was "moderately limited" in her ability to interact with the general public and get along with coworkers or peers, but "not significantly limited" in her ability to accept instructions and respond appropriately to criticism from supervisors. ECF No. 7 at 100, 123. Contrary to Corrine's argument that the ALJ "fails to provide insight to why limitations related to interacting with supervisors were omitted" (ECF No. 9 at 7), the ALJ specifically cited to these findings when he deemed the assessments of the state agency psychological consultants persuasive. ECF No. 7 at 28. Corrine also self-reported getting along "very well" with authority figures. *Id.* at 261, 280. Corrine's arguments on the ALJ's evaluation of the record regarding her ability to interact with others improperly ask this Court to reweigh the evidence in a light more favorable to her. *See Thomas P.*, 2022 WL 92651,

5

at *8.  The ALJ's RFC finding that Corrine was not limited in her ability to interact with supervisors is adequately supported by the consulting opinions as well as Corrine's own representations and as such, must be affirmed.

### B.  Workday and Workweek

As noted by the Government, this Court has repeatedly dispatched with the boilerplate argument that the ALJ failed to assess a claimant's ability to complete a full workday and workweek when formulating their RFC.  ECF No. 11 at 6.  By definition, the RFC finding "'is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis.  A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.'"  *Thomas L.*, 2024 WL 4948805, at *8 (quoting 61 Fed. Reg. 34474).

The ALJ relied upon the findings of the state agency psychological consultants Drs. Killenberg and Hamel, noting that they opined that Corrine had a moderate limitation in her ability to "complete a normal workday/workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods" and could "carry out simple tasks for two-hour periods over a normal workday/workweek." ECF No. 7 at 28; *see id.* at 100, 123.  The consultants' findings also included that Corrine was not significantly limited in her ability to "sustain an ordinary routine without special supervision." *Id.* at 100, 123.  The ALJ's RFC finding is supported by the reports of the state agency medical consultants who necessarily consider "a claimant's capacity to sustain work over a normal workday and workweek on an ongoing basis," as "to do otherwise would, of course, provide no insight into a claimant's actual functional capacity." *Emily C. v. Dudek*, C.A. No. 24-

00324-LDA, 2025 WL 1263715, at *7 (D.R.I. May 1, 2025) (citing Social Security Administration's Program Operations Manual System, DI § 24510.057(B)(1)-(2), (4)).

## V.     CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 9) is DENIED and Defendant's Motion to Affirm the Commissioner's Decision (ECF No. 11) is GRANTED.  The Clerk shall enter Final Judgment in favor of the Commissioner.


 /s/   Amy E. Moses
AMY E. MOSES
United States Magistrate Judge

February 5, 2026